1815<br>WISER<br>v.<br>BLACHLY.

Rule accordingly.(a)

(a) Vide *ex parte Cocknayne,* (7 *Vesey,* jun. 591.)

------⟞⟝------

WISER, *an infant, by her next friend, against* BLACHLY
*and the Executors of* VAIL.

June 16th,

The general rule, that all persons whose interests may be affected by the de-
cree must be made parties, is founded on  convenience, and subject to ex-
ceptions and modifications, according to the discretion of the court.

Thus, a creditor, or legatee of the personal estate,  need  only make the per-
sonal representatives of the debtor parties to the suit; and, in many cases,
where it will be  attended with extreme difficulty, or very great inconve-
nience,  the general rule will be dispensed with.

But on a bill against the executors of a guardian, for a breach  of his trust,
the testator having, by his will, made the timber on his land *assets* for the
payment of his debts,  it was held that the *devisee* of the real estate ought
to be made a party,  as the whole estate might become responsible to the
plaintiff.

THE bill in this  cause was filed against *Blachly*, the
*guardian* of the  plaintiff, and against the executors of *Vail*,
who was a *surety* for  the guardian, for  a breach of trust by
the guardian, and for an account.

The cause coming on to be heard, the counsel for the de-
fendants objected to the  want of  proper parties; that as
*Vail*, the testator, whose estate might be made responsible,
had, by his will, rendered the timber growing on his land

1815.    *assets* for the payment of his debts, the *devisee* of his real
estate ought, therefore, to be made a party.

WISER
v.
BLACHLY.

*Riggs*, for the plaintiff.

*Baldwin*, contra.

THE CHANCELLOR suggested some difficulty in deducing,
from the books, any precise rule on the question of necessary
parties. The general rule, he observed, is, that you must have
before the court all parties whose interests the decree may
touch, because they are concerned to resist the demand,
and to prevent their fund from being exhausted by collusion.
In *Gifford* v. *Hart*, (1 *Schoale & Lefroy*, 386.,) it was held,
that a decree obtained without making parties those whose
rights were affected, was fraudulent and void as to those
parties. The same doctrine was declared, in the house of
lords, in *Gore* v. *Stacpoole*, (1 *Dow's Rep.* 18.) in which it
was held, that to make a foreclosure of a mortgage valid
against all claimants, not only the tenant for life, but the re-
mainder-men for life, and in fee, must be brought before the
court, to give them an opportunity of paying off the mort-
gage if they thought proper. But the general rule is not of
universal application. A creditor, or legatee of the personal
estate, need not make any but the personal representative
of the debtor a party, for the executor is to sustain the per-
son of the testator, and to defend the estate for creditors and
legatees. (1 *Ves.* 105. 131. 1 *Bro.* 303.) Lord *Lough-
borough* said, this was an anomalous instance, but later cases
have created other exceptions to the general rule. On a bill
to foreclose a mortgage, Lord *Alvanley* thought it intolerable
to insist that all encumbrancers should be brought in ; (3*Ves.*
314. ;) and the rule requiring the presence of all parties, is
said to be a mere rule of convenience, and to prevent the
court from doing business by halves ; and that it is subject
to modification and discretion ; and that the court will be

satisfied that a sufficient number of the persons interested are before the court to sustain the question. In *Adair* v. *The New-River Company*, (11 *Ves.* 429.,) this point was much discussed, and it was held that the rule was to be dispensed with when extremely difficult; and that in a suit to establish the right of suit to a mill, the court only requires parties sufficient to secure a fair contest. The same principle governed in *Cullen* v. *Duke of Q——*, (15 *Ves.* 14. n.,) where it was held sufficient to bring in the contractors or directors of a private society; and, in *Cockburn* v. *Thompson*, (16 *Ves.* 321.,) the subject was very diffusively discussed, and numerous instances given of a relaxation of the strict rule, that all persons materially interested must be parties. The rule is to be dispensed with where it is impracticable, or very inconvenient, as in the case of a very numerous association in a joint concern, which is, in effect, a partnership, and not a corporation.

The Chancellor, however, inclined to think, that, in this case, the general rule ought to prevail, as there was no necessity pressing against it; and the counsel for the plaintiff readily consented, upon this intimation, to postpone the hearing, in order to bring in the devisee.