Hadley *v.* Russell.

HADLEY *v.* RUSSELL.

Since the passage of chapter 1962, Pamphlet Laws, assumpsit, debt, or other action at law cannot be maintained against an individual stockholder in a railroad corporation, for a debt of the corporation, even though demand has been legally made upon such corporation, and proper notice given to such individual stockholder.

And where there were other stockholders at the time the debt was contracted, a bill in chancery cannot be maintained against such individual stockholder alone, for such debt of said corporation, but those against whom such stockholder would have a remedy over for contribution must be made parties with him.

THIS is an action of special assumpsit, brought by James M. Hadley against Lucius A. Russell, as a stockholder in the White Mountains Railroad, upon a debt against said railroad. The writ is dated March 21, 1859, and contains two counts.

The first count is for the recovery of a promissory note for $505.75 against said corporation, made on the 11th day of December, A. D. 1854, and payable to the plaintiff, or order, on demand, on the ground that the whole amount of the capital, fixed and limited by such corporation, had not been paid in, and no certificate thereof made and recorded by the clerk of the town in which said corporation had its place of business, or is situated; and that a legal demand had been made on said corporation for the

payment of said note, and more than sixty days had elapsed after such demand; and that said corporation and its stockholders had wholly failed to pay such demand, or expose personal property, liable to attachment, sufficient to satisfy said note; and that the defendant was notified of said facts, and requested to pay said note; and failed to pay said note when so requested, &c.

The second count is in all respects like the first, except it is grounded upon the third clause of the first section of the 147th chapter of the Compiled Statutes.

It was agreed that the note declared on was given at its date, and was then, and ever since has been the debt of said corporation; that said corporation was incorporated by an act of the legislature of this State, passed December 25, 1848, and had for its object a dividend of profits among its stockholders; that the defendant, at the time when said debt was contracted, ever since has been, and now is, a stockholder in said corporation; that on the first day of April, 1856, a legal demand was made upon said corporation by the plaintiff, for the payment of said note, by presenting the same to the directors of said corporation, and requesting payment; also by presenting the same to the treasurer of said corporation, and requesting payment; that neither said corporation, its officers or stockholders have paid said note, nor did they, when said demand was made, nor have they ever exposed unincumbered personal property of said corporation sufficient to satisfy said note and costs, so that the same might be attached in a suit against said corporation for the security of said note; that when sixty days had elapsed after said demand, and on the 7th day of June, 1856, the plaintiff notified the defendant of all the premises, and informed him fully in regard to his debt aforesaid against said corporation, when contracted, and of said demand, and when made, and that more than sixty days had elapsed since said demand; that said corporation and the officers and

stockholders thereof had wholly failed to pay said note, or to expose unincumbered personal property of said corporation, sufficient to satisfy said note and costs, so that the same might be attached in a suit against said corporation for the security of said note; and that the defendant would be held liable to pay said note.

It was further agreed, that the whole amount of the capital fixed and limited by said corporation has never been paid in, and no certificate that the same has been paid in has ever been made and recorded by the clerk of the town where said corporation had its place of business, or is situated; and that said corporation has wholly failed at all times to give the Governor the notice required by the third clause of the first section of the 147th chapter of the Compiled Statutes.

It was also agreed that at the time when said note was given, the franchise and all the real and personal property of said corporation was mortgaged, and otherwise incumbered for nearly its value; that the same has since been taken by virtue of such mortgages and incumbrances; that said corporation is insolvent now, and has been so since the time said note was given.

It was agreed by the parties that all objection to the form of action be waived; and if the court shall be of opinion that the plaintiff is entitled to recover in any form of action upon this agreed state of facts, whether by assumpsit, debt, or by a bill in chancery, then judgment shall be ordered for the plaintiff; if otherwise, then for the defendant. It was also agreed that there were other stockholders in said corporation beside the defendant, at the time said note was given; and the questions of law thus raised were transferred to this court.

*H. & G. A. Bingham*, for the plaintiff.

*A. P. Carpenter*, for the defendant.

SARGENT, J.   The writ in this suit is dated March 21, 1859.   Chapter 1962, Pamphlet Laws, approved June 27, 1857, which took effect from its passage, and repealed all acts inconsistent with its provisions, provides, "that all legal proceedings hereafter commenced against any individual stockholder in any corporation in this State for the collection of a debt against said corporation, shall be by a bill in chancery, and not otherwise."   Applying this statute to the case before us, we conclude that this action of assumpsit, being brought against an individual stockholder of a railroad corporation, for the collection of a debt against said corporation, in its present form at least, cannot be maintained ; nor would an action of debt be more successful.   But by the agreement of the parties, if the court shall be of opinion that a bill in chancery could be maintained by this plaintiff against said defendant, then judgment is to be rendered for the plaintiff, otherwise for the defendant.   The case finds that there were other stockholders in this corporation beside the defendant, at the time when the note in controversy was given to this plaintiff.   These other stockholders are or may be all liable in some way, for this debt ; and should this defendant be held liable in this case, he has his remedy over upon them for contribution.   And in equity the rule is that all persons materially interested in the subject ought generally, either as plaintiffs or defendants, to be made parties to the suit, or ought, by service upon them of a copy of the bill, to have an opportunity afforded of making themselves active parties in the cause, if they should think fit.   1 Dan. Ch. Pl. & Pr. 240.

It is necessary that the plaintiff should bring regularly before the court, either as co-plaintiffs with himself, or as defendants, all persons so circumstanced, that unless their rights were bound by the decree of the court they might cause future molestation or inconvenience to the party against whom the relief is sought.   *Burnham* v. *Kempton,*

Hadley *v.* Russell.

37 N. H. 491. And in addition to these general principles, applicable in equity, it is expressly held that in all those cases where the rights of third persons would not be directly affected by the decree, if obtained, but where, in the event of the plaintiff succeeding in his object against the principal defendant, that defendant will thereby acquire a right to call upon such third persons, to reimburse him the whole or part of his demand, in such cases the court, in order to avoid a multiplicity of suits, require that the parties, so consequentially liable to be affected by the decree, shall be before the court in the first instance, in order that their liabilities may be adjudicated upon and settled by one and the same proceeding. Story Eq. Pl., secs. 173, 180 ; *Wiser* v. *Blackley*, 1 Johns. Ch. 437 ; Dan. Ch. Pl. & Pr. 329.

To be sure, if this were a bill in chancery, this defect might be remedied by amendment, so as to make the other persons interested parties to the bill. But the process in this case is susceptible of no such amendment; and as judgment could not be rendered against this defendant alone upon this process, even if it were a bill in chancery, upon the facts stated in the case, the inevitable conclusion seems to be, according to the agreement of the parties, that there must be

*Judgment for the defendant.*