*Geo. A. Wilcox*, for plaintiff in error.

*D. C. Holbrook*, for defendant in error.

---

### William Shoemaker and Louisa Shoemaker v. Davidson Gardner et al.

*Homestead : Parties to, and averments in, a bill to protect a Homestead.* The wife is a proper party to a bill filed to protect a homestead against a mortgage not signed by her.

A bill to protect a homestead must show all the facts necessary to the description of a homestead as defined by law.

*Heard and decided July 12.*

Appeal in Chancery from Berrien Circuit.

In November, 1861, William Shoemaker, executed a mortgage on premises then occupied by him and his family, consisting of his wife and children, as a homestead. His

SHOEMAKER *v.* GARDNER.

wife did not join in the mortgage. This mortgage was foreclosed and the premises sold under the decree to Davidson Gardner, by whom proceedings were commenced to obtain possession of the premises. The bill in this case was filed by the said William Shoemaker and Louisa Shoemaker his wife, for a perpetual injunction against the proceedings to obtain possession of the premises under the foreclosure sale. The bill stated that the complainants, at the time of the execution of the mortgage, were husband and wife, and then, and ever since had, occupied the mortgaged premises as a homestead ; that the mortgage was not given to secure the payment of the purchase money of the said premises ; and that it was not signed by the complainant, Louisa Shoemaker. The bill did not aver that the value of the mortgaged premises, claimed as a homestead, did not exceed the sum of $1,500.

The defendants demurred to the bill ; and on the hearing the Circuit Judge overruled the demurrer and granted the prayer of the bill for a perpetual injunction ; from which decree the defendant appealed to this Court.

THE COURT held that the wife was a proper party to a bill filed by a husband to protect the homestead ; and that if the case made by the bill had shown the mortgaged premises to be a homestead as defined by law, the decree of the Court below would have been affirmed. The case, however, was defectively stated in this :—that the bill did not aver that the value of the premises, claimed as a homestead, did not exceed the sum of $1,500. The Court therefore reversed the decree ; but as the proceedings in other respects seemed unexceptionable, the case was remanded, with leave to the complainants to amend their bill.

*D. Blackman,* for defendants.