## Andrews *v*. Melton.

*Bill in Equity by Widow and Children of Deceased Defendant in Execution, to establish Homestead Exemption against Purchaser at Sheriff's Sale.*

1. *Homestead exemption in favor of widow and minor children of insolvent decedent; when established in equity against purchaser at sheriff's sale.* — Where the lands of a defendant in execution are sold and conveyed by the sheriff, "subject to homestead exemption," after the defendant has filed with him a proper affidavit, claiming as a homestead a particular tract, which, though inaccurately described by numbers, is sufficiently identified, and is not shown to be excessive in quantity or value; and the purchaser afterwards recovers the possession, under his deed from the sheriff, in an action at law which is still pending, his judgment having been reversed on error; and the defendant dies, and his estate is insolvent, — his widow and minor children may, by bill in equity, establish their title to the homestead as against the purchaser, and have his deed from the sheriff declared inoperative and void as to that portion of the land.

2. *Homestead exemption; affidavit and claim.* — It is not necessary to the validity of a claim of homestead exemption, when sought to be established in equity against a purchaser with notice, that the affidavit claiming it should describe the land accurately, either by the numbers of the government surveys, or by metes and bounds; it is sufficient to describe it by any identifying name or objects; the metes and bounds, quantity, and value, may be afterwards ascertained, when necessary, independently of the claimant.

3. *Compensation for improvements; when not allowed to purchaser at sheriff's sale.* — A purchaser of lands at sheriff's sale, who buys with notice of an asserted claim by the defendant to a homestead exemption, and whose deed recites that the land was sold "subject to homestead exemption," cannot claim compensation for valuable improvements erected by him on the land, when the claim of exemption is enforced against him in equity at the suit of the widow and minor children of the deceased defendant.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 31st August, 1871, by the widow and minor children of Thomas S. Melton, deceased, against Henry Andrews; and sought to establish a homestead exemption, in favor of the complainants, in a tract of land containing forty acres, which was described as the northwest quarter of the northwest quarter of section twenty-four, township twenty, range twenty-one, and which the defendant

VOL. LI.

[Andrews *v.* Melton.]

claimed under a purchase at sheriff's sale under execution against said Thomas S. Melton in his lifetime; and the bill also prayed that the sheriff's deed to the defendant, as to this particular tract of land, might be cancelled, and declared inoperative and void. On final hearing, on pleadings and proof, the chancellor held the complainants entitled to relief, and rendered a decree in their favor; declaring the sheriff's deed inoperative and void as against their claim, and ordering a reference to the register as master, to ascertain the value of the rents and profits of the land while in the defendant's possession; but he also held that the defendant was entitled to compensation for valuable improvements erected by him on the land during his possession, and ordered a reference as to this matter also. The appeal is sued out by the defendant, who assigns as error the decree in favor of the complainants; and the complainants, by consent, make a cross-assignment of error on the allowance of the defendant's claim to compensation.

ELMORE & GUNTER, for appellant.

J. FALKNER, *contra.*

B. F. SAFFOLD, J. — In November, 1866, the sheriff sold under execution all of the real estate of Thomas S. Melton, subject to his right of homestead exemption. Previous to the sale, Melton exhibited and delivered to the sheriff his affidavit of claim to " the following described land, as a homestead, to wit, the north-west fourth of half section twenty-four, township twenty, range twenty-one, known as Thomas S. Melton's Mill place, in Tallapoosa County, Ala." The land was purchased by the appellant, Andrews, he being one of the execution creditors. It seems to have been the sheriff's own suggestion, to sell all of the land subject to the exemption, rather than to have the property so claimed valued and set apart, as required by R. C. § 2881. Under the sheriff's deed, Andrews, by suit in ejectment, recovered, and obtained possession of this portion of the land over Melton's occupancy of it. But this judgment was reversed, and the suit is still pending in the circuit court.

The widow and minor children of Melton file this bill, to establish their right to the northwest quarter of the northwest quarter of the said section twenty-four, and to have Andrews's deed set aside as to so much of his purchase.

The affidavit of Melton describes the land claimed inaccurately, in one respect. The northwest quarter of a half-section expresses no usual or customary sub-division of the section. But a prominent object, situated upon it, is mentioned, which

VOL. III.                        26

designates it as well, to wit, the "Mill," or "Mill place." The quantity, or the metes and bounds, only is indefinite. This is not important, as the metes and bounds and the value are to be ascertained, independently of the claimant, when necessary. The proof sufficiently sustains the decree of the chancellor, in respect to the identity of the portion claimed, or intended to be claimed. The quantity allowed, only forty acres, is not excessive. The value is not shown to be greater than the law permits, by any preponderance of testimony which would justify a reversal on this ground. Besides, the decree which declares Andrews's deed inoperative, as to the entire quarter of the quarter-section, refers to the register the ascertainment of its cash value at the time of the sale. When his report comes in, and is confirmed, the court may conform its decree to the finding, and then issue the writ of possession.

The defendant, coming into the possession of this property in the manner he did, is not entitled to pay for the value of improvements made by him. He knew his title was disputed. *Horton* v. *Sledge*, 29 Ala. 478, and authorities there cited. There seems to be no error for which the decree should be reversed.                     The decree is affirmed.