JAMES W. WALTON *vs.* CHARLES C. PERKINS.

33 357
65 192

May 8, 1885.

**Scope of Action to Determine Adverse Claims.**—In an action under Gen. St. 1878, *c.* 75, § 2, any interest or estate in or lien upon land claimed adversely to the plaintiff may be determined, whether claimed under the same or a different and independent source from that under which the plaintiff claims.

Action to determine adverse claims to real estate, brought in the district court for Rice county. Defendant set up a lien on the premises under a mortgage from one Noska to himself, which mortgage was given to secure part of the purchase-money upon a conveyance of the land by defendant to Noska. The title which defendant claimed to have conveyed to Noska was acquired under tax sales. The action was tried without a jury by *Buckham, J.,* who found the tax sales under which defendant claims void, and ordered judgment for plaintiff. From this judgment defendant appeals.

*Perkins & Whipple,* for appellant.

*John H. Case,* for respondent.

MITCHELL, J.[1]   "An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein, or lien upon the same, *adverse* to him, for the purpose of determining such adverse claim, estate, lien or interest."   Gen. St. 1878, *c*. 75, § 2.   If we understand the appellant correctly, his contention is that it is only interests, estates, or liens claimed to be derived from the same source as the title of plaintiff, which can be determined in an action under this statute. Such a construction finds no support in either the letter or spirit of the statute, and is contrary to the uniform practice in this state from the earliest date.   This statute is intended to afford an easy and expeditious mode of determining all conflicting claims to land, whether derived from a common source or from different and independent sources.

The case of *Banning* v. *Bradford*, 21 Minn. 308, cited by appellant, has no bearing upon this case.   What is there decided is that one claiming adversely to the title of the mortgagor cannot be made a party to a suit to foreclose the mortgage, for the purpose of trying his adverse title in that suit, he being a stranger to the mortgage and the mortgaged estate, and having no interest in the subject of the action.

The judgment that the mortgage under which defendant claimed his lien was null and void *as against the plaintiff*, and constituted no lien on the premises, was in proper form.

Judgment affirmed.

[1] Berry, J., was absent and took no part in this case.