[No. 12222. In Bank. — January 28, 1888.]

## A. K. McKINNIE, Respondent, v. GEORGE B. SHAFFER et al., Appellants.

Homestead — Quieting Title to. — A party owning a homestead interest in real estate may maintain an action to quiet his title thereto against the claim of others.

Id. — Estate of Decedent — Homestead Set Apart to Widow — Community Property. — Under section 1468 of the Code of Civil Procedure as it existed in 1879, where a husband dies leaving no minor children, a homestead set apart to his widow out of the community property, in the proceedings for the settlement of his estate, becomes her property, she becoming the owner thereof in fee.

Appeal from a judgment of the Superior Court of Los Angeles County.

The action was brought to quiet the plaintiff's title to a tract of land. The complaint alleged that the plaintiff's intestate, P. C. McKinnie, died prior to July 19, 1879, leaving him surviving the plaintiff, his widow, and the defendants, Mary J. Shaffer, Murray McKinnie, and Frederick McKinnie, his only surviving children, all of lawful age; that letters of administration of the estate of the said decedent were duly issued to the plaintiff on the third day of August, 1879, and that on the 6th of September, 1879, upon petition of the administratrix and notice given under and in pursuance of the order of the court, an order was made by the court setting apart out of the community property the premises in dispute as a homestead for the surviving wife, the plaintiff herein; that said order was duly recorded in the recorder's office of said county on the same day; that the plaintiff, at the date of said order, entered into and upon said premises under claim of title pursuant to said order of homestead, and thence ever since and up to the time of bringing this action — more than six years — continuously occupied and possessed and held exclusive, open, and notorious occupation and possession of the whole of the premises in controversy, and paid all taxes—state, county, and municipal—levied upon or assessed against the said property since the date of said decree. The complaint further alleged that the defendants claim some interest in the land adverse to the plaintiff, and that such claim is void. The defendants demurred to the complaint, and their demurrer being overruled, judgment was entered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*Bicknell & White*, for Appellants.

The proceedings under which the order of the probate court was made setting off the land in controversy to

the plaintiff as a homestead were taken in pursuance of section 1465 of the Code of Civil Procedure. Upon the death of McKinnie, the property descended, one half to the widow (the same being community property), and the other half to the defendants in this action, and the action of the probate court taken in this matter was but the exercise of its jurisdiction over the property of the estate, and the effect of the order was simply to withdraw the land as an asset of the estate, and exempt it from the claims of creditors. It did not change the title to the land as vested upon the death of McKinnie. It was not within the power of the court in that proceeding to divest the defendants in this action of the title vested in them as heirs at law upon the death of their father. (*Estate of Burton*, 63 Cal. 36; *Estate of Moore*, 57 Cal. 442.)

*P. W. Dooner*, for Respondent.

Under section 1468 of the Code of Civil Procedure, as it existed prior to the amendment of April 16, 1880, the homestead being set apart to the widow out of the community property, there being no minor children, became her property. (*Estate of Boland*, 43 Cal. 642; *Rich* v. *Tubbs*, 41 Cal. 34.)

THORNTON, J. —The demurrer to the complaint was properly overruled. We see no reason why a party owning a homestead is not entitled to have his or her title to it quieted against the claims of others. Whatever interest the plaintiff has may be quieted. If a title in fee, such interest may be quieted; if a less interest, the less interest may be likewise quieted. Such we understand to be the rulings of this court. (*Stoddard* v. *Burge*, 53 Cal. 394; *Pierce* v. *Felter*, 53 Cal. 18.)

We will say further that under the statute as it stood in 1879, when the order setting apart the homestead was made, the decedent having left a widow and no minor child, and the property of which the homestead was set

·apart being community property, the homestead so set apart became the property of the widow, A. K. McKinnie. In other words, she became the owner in fee of the property thus set apart. (Code Civ. Proc., sec. 1468.) It having thus become her property, there was no necessity for calling in aid an adverse possession under the statute of limitations. We cannot see how a widow can acquire title to such property by adverse possession as against an heir. Conceding that an adverse possession by the widow is averred, if we reject such portion, the complaint still states facts constituting a cause of action.

Judgment affirmed.

TEMPLE, J., SEARLS, C. J., McFARLAND, J., PATERSON, J., SHARPSTEIN, J., and McKINSTRY, J., concurred.