WM. M. E. BROWN, and another, *vs.* SAMUEL W. LAWTON.

Somerset.    Opinion December 21, 1894.

*Mortgage. Redemption. Tender. Parties. Waiver. R. S., c. 90, §§ 14, 15, 19.*

The improper or unnecessary joinder of a party plaintiff will not defeat a cause in equity.

Tender, before the right to redeem a mortgage of real estate has become foreclosed, will support a bill to redeem brought afterwards, but within one year.

A bill to redeem will be sustained when the tender was made by authority of the plaintiff within the time, enlarged by agreement of parties, for redeeming the mortgage, and all other essentials of a tender were waived by the defendant.

As to whether the tender in this case has been kept good, *quaere.*

ON EXCEPTIONS.

This was a bill in equity to redeem a mortgage of real estate, inserted in a writ of attachment dated July 6, 1891, returnable at the following September term of this court.

The bill alleges the giving of the mortgage October 23, 1886, by the plaintiff, Wm. M. E. Brown, to the defendant, Lawton, to secure certain notes of his and provided for a foreclosure in

one year; also a quitclaim of the premises to the co-plaintiff, William B. Brown, by deeds dated August 17, 1887, and August 7, 1889. It next alleges a foreclosure of the mortgage by the defendant, Lawton, by notice in a newspaper July 18, 1889, and proceeds to allege as follows:

"And your orators say that the said Wm. M. E. Brown and Wm. B. Brown, being the owners of the equity of redemption in the property under and according to the mortgage hereinbefore mentioned, and hereunto annexed, and by reason of the conveyances hereinbefore described, and being allowed by law one year from the date of the first publication of notice of foreclosure, to wit: one year from the 18th day of July, A. D., 1889, in which to redeem said property, the said Wm. M. E. Brown by and with the consent and authority of the said Wm. B. Brown, did, although in feeble health, on Thursday the 17th day of July, A. D., 1890, go to the house of said Lawton, in said Skowhegan, and in which said Lawton was living, but that said Lawton was not at home, nor could the said Wm. M. E. Brown by diligent search find him anywhere; that on the next day, Friday, July 18th, 1890, the said Wm. M. E. Brown did go twice to the house of said Lawton; the first time he was not in, the second time he found him in, told him his business and asked said Lawton where the notes and mortgage were and the amount due. Lawton replied that he had the notes and that they amounted to about $350. The said Wm. M. E. Brown then asked him if that included the costs of foreclosure, and said Lawton replied that he supposed so. The said Wm. M. E. Brown then told him that he was prepared to pay the money and asked him if he should pay it at the Second National Bank or at Merrill & Coffin's office. Lawton replied that he could pay it at his house as he had the notes. The said Wm. M. E. Brown then said that he was not feeling well, that he was very feeble and did not like to go down to the bank unless necessary, and he asked said Lawton, if it would be all right if he should pay it the next day, and Lawton replied, 'I shall be at home to-morrow and it will be all right whether you pay it to-morrow or to-day.'

"And your orators say that, relying upon this waiver and promise of the said Lawton, the said Wm. M. E. Brown went away ; and on the next day the said Wm. M. E. Brown went according to the agreement made with said Lawton, to said Lawton's house to pay him the money and redeem the property and meeting said Lawton upon the street near his, the said Lawton's house, he told him that he had come to pay him the money, and put his hand in his pocket to take out his money, whereupon said Lawton cried out, 'you need not make me a tender, you needn't take out your money for I will not take a cent from you' and when said Brown asked him why, said Lawton replied, 'The mortgage run off yesterday and I will not take a cent of money from you until you pay the note I sued you and Blunt for, and I will have no talk with you' and went into the house. And afterwards, on the same day, the said Wm. M. E. Brown and the said Wm. B. Brown went to the house of the said Lawton to pay the mortgage or to tender the money, but said Lawton was not at home, nor could they find him anywhere.

"And your orators further say that on the next Monday, to wit, July 21st, 1890, they went to the house of the said Lawton and the said Wm. B. Brown made said Lawton a good and lawful tender of $355 and demanded the mortgage, and that said Lawton refused to accept the money or to give up the mortgage or to have any talk with the said Browns : and that said Lawton has refused to give up the mortgage or to do anything in the premises from that time until the present.

"And your orators aver that they are and have been always ready and willing to pay the amount due upon said mortgage and notes, and that they are now ready to bring the same into court whatever your Honors shall find to be justly and equitably due upon said mortgage and notes secured thereby and to do any and all other things that your Honors may decree that your orators should do in the premises."

The defendant demurred to the bill and assigned the following causes of demurrer :

1. The plaintiff has not stated in said bill of complaint, any case within the provisions of the statutes of Maine which provide for, and regulate the right of redemption of mortgages of real estate.

2. The bill should have been brought within one year after the first publication of the notice of foreclosure ; or, if the time was extended one day by the defendant, as alleged in the bill, then within such extended time, or it is too late. This was not done.

3. The allegations in the bill of complaint do not state a case within the equity jurisdiction of the court relating to mortgages of real estate.

4. By the allegations in said bill of complaint, William M. E. Brown is improperly made a party plaintiff. Having no interest in the mortgaged property described in said bill of complaint, he can maintain no bill for its redemption.

The court ruled, *pro forma*, sustaining the demurrer and dismissed the bill. The plaintiffs took exception to this ruling and the decree.

*S. J. Walton, L. L. Walton and Forrest Goodwin,* for plaintiffs.

*D. D. Stewart, E. F. Danforth and S. W. Gould,* for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

HASKELL, J. Bill to redeem, brought by the mortgagor and his grantee. Dismissed below on demurrer. Exceptions.

I. It is objected that the mortgagor is improperly made a plaintiff. Suppose he is. The other plaintiff may well prosecute the suit and have redemption allowed him. The improper or unnecessary joinder of a party plaintiff will not defeat a suit in equity. The bill may be dismissed as to him, Too few plaintiffs may be fatal to an equity cause, never too many. All persons interested must be parties, either plaintiffs or defendants, and if, from over-caution, too many be joined, the mistake

is harmless and may be corrected on final decree, as the judgment may be several and so framed as to work full and substantial justice. These remarks are elementary and need no citation of authorities.

II. It is objected that the bill filed after the time for redemption had elapsed came too late. That would be so, if the essentials of redemption had not intervened before the right became barred by the lapse of foreclosure time. But they had intervened. The amount due on the mortgage had been tendered. But it is urged that the tender was made by the mortgagor, who had conveyed away his right to redeem. So it was, but it was done by authority of his grantee and may be considered his act. It is urged that the tender was too late, that it was made after the foreclosure time had run. That is true, but it was made within the extension agreed to by the mortgagee. It is urged that the tender was ineffectual because, as no money was produced, it does not appear that sufficient money, or any money, was at hand. But all this was waived by the mortgagee. The mortgagor told him " that he had come to pay him the money" and put his hand in his pocket to take out his money, whereupon the mortgagee replied : "You need not make me a tender. You needn't take out your money, for I will not take a cent from you, . . . the mortgage ran off yesterday." All necessary essentials of the tender were waived, except whether seasonably done, and that is shown by the bill, for the time of redemption was agreed to be extended one day and during that day the tender was made. The parties may agree by parol to extend the time for redemption of a mortgage, and · the agreement will bind them. *Chase* v. *McLellan*, 49 Maine, 375 ; *Fisher* v. *Shaw*, 42 Maine, 32 ; *Stetson* v. *Everett*, 59 Maine, 376.

Payment extinguishes a debt. Tender, if of sufficient amount, when accepted, is payment ; when rejected, operates as payment, so long as it is kept good. In the case at bar, the tender operated the same as if it had been payment, and gave the plaintiff interested a right to cancellation and surrender of the mortgage. This right might be enforced in equity at any time

until laches should prevent it, but for the limitation of one year fixed by R. S., c. 90, § 19.

Under § 14 of c. 90, the bill must be filed before the time for redemption has elapsed. Under § 15 tender or performance of condition must be made during that time, and the bill may be brought at any time within the year named in § 19. *Walden* v. *Brown*, 12 Gray, 102, very closely resembles the case at bar. Whether the tender has been kept good and has been paid into court, as in *Morrill* v. *Everett*, 83 Maine, 290, does not appear from the bill. No objections upon that ground are raised, and, as in *Richards* v. *Pierce*, 52 Maine, 560, need not be considered here.

*Exceptions sustained. Defendant to answer.*