## CLARK V. DARLINGTON.

1. Where a bill of exceptions is settled for the purpose of making the record on appeal show exhibits referred to in the findings, but not annexed thereto, and not for use on a motion for a new trial, objection thereto, for lack of statements as to objections, exceptions, errors of law, or insufficincy of evidence, is untenable.

2. Where the evidence is not returned on appeal, it is presumed that it satisfied the court that land which was the subject of the action had become generally known by the description used, though it had never been legally platted, and that such description was sufficient; the court having found the land, as so described, liable for taxes paid thereon.

3. A finding that defendant purchased a certificate of tax sale from the county, and paid the subsequent taxes, and is the owner of the certificate and liens, together with the conclusion that he is entitled to judgment declaring the amount of taxes so paid a just lien on the property described, is a sufficient finding that the taxes were a valid lien.

4. Under Comp. Laws, § 1640. and Section 1643, as amended by Laws 1893, Chap. 160, requiring the court, in an action to invalidate a tax deed, to ascertain and render judgment for the correct amount of taxes due on the property thereby conveyed, a finding that the property had been assessed, and certain taxes levied thereon, which had not been paid, authorizes the court to render judgment for the amount of such taxes.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Edmunds county. Hon. A. W. CAMPBELL, Judge.

Action by Cornelius Clark against Jared Darlington to determine adverse claims to realty. From a judgment for defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*H. H. Potter,* for appellant.

*C. H. Barron* and *A. Gunderson,* for respondent.

CORSON P. J.   This is an action brought under Section 5449 of the Compiled Laws to determine the validity of an adverse claim to certain real property in Edmunds county. The defendant, among other defenses, claimed by way of counter claim, the amount of certain taxes paid by him upon the sale of the property for such taxes and taxes subsequently paid thereon.   Judgment was entered in favor of the plaintiff, adjudging him to be the owner of the property, and in favor of the defendant for the amount of taxes paid by him.   From this judgment in favor of the defendant, the plaintiff has appealed to this court.   The case was tried by the court without a jury, and no motion was made for a new trial.

Objection is taken by respondent to the bill of exceptions upon the ground that it contains no objections, exceptions or statement of errors of law or insufficiency of the evidence relied on.   But we think the objection untenable, for the reason that the bill of exceptions in this case was evidently settled for the purpose of making matter of record three exhibits referred to by the court in its findings, but which, for some reason, were not annexed thereto, and a bill was prepared for the purposes of an appeal to this court and not for motion for a new trial.

The court found certain irregularities in the tax proceedings under which defendant claimed title, and held the tax deeds null and void.   It also found that the property was assessed in 1889 to the estate of D. L. Spear, as W. ½ of outlot, section, or lot 7; valuation $6,600.   The court further finds that the amount paid at the tax sale in November, 1890, on which the tax deed was issued, was the sum of $265; and the amount paid as subsequent taxes by defendant on account of the taxes of 1890 was $325.75, paid on April 10, 1891.   And the

fourteenth finding and conclusions of law are as follows:
"(14) The defendant Jared Darlington purchased from the
county of Edmunds the certificate of sale for the said taxes of
1889, made on the 3d day of November, 1890, and paid said
subsequent taxes of three hundred and twenty dollars and sev-
enty-five cents on the 16th day of April, 1891, and is the owner
of said certificate and liens. The court, therefore, finds from
the foregoing facts, and as applicable thereto, the following
conclusions of law: That the full sum of taxes paid, with inter-
est thereon, was $931,61; and the defendant, Jared Darlington,
is entitled to judgment against the plaintiff, Cornelius Clark, for
the said sum of $931.61, and that said judgment be declared to be
a just lien upon the tract of land in Edmunds county, South Da-
kota, described as follows:   *   *   *,—together with all appur-
tenances thereunto belonging; and that the said property be
sold to satisfy the same." The appellant contends—First, that
the findings are insufficient to justify the judgment, in
that the description of the property assessed was not sufficient
upon which a valid claim for taxes could be based; second, that
there are no findings of the court showing that any taxes were
legally assessed against the property, and that the tax deed,
having been declared null and void, did not constitute *prima
facie* evidence of the regularity of the proceedings, or establish
the fact that any taxes were legally assessed.

In support of appellant's first contention, he calls the at-
tention of the court to the twelfth finding of fact, in which the
court below finds "that the premises described in the complaint
had never been platted by the owner thereof, or any person hav-
ing any interest therein, nor any plat thereof recorded." While
it may be that the W. ½ of outlot No, 7 had never been legally

platted, it may nevertheless have become generally known under such designation (Godfrey v. Valentine [Minn.] 48 N. W. 325); and in the absence of the evidence adduced on the trial, we must presume, in support of the findings and conclusions of law of the circuit court, that it had satisfactory evidence upon that subject, for the court must have found such a description of the property to be sufficient in order to have found the property liable for the taxes paid thereon by the defendant.

Finding 14 of the court, together with its conclusions of law thereon, clearly indicate that the court found that the amount of taxes specified constituted a valid charge upon the property, and for which the defendant was entitled to enforce his lien. It has been the policy of the people of this state and of the former territory to require the payment of taxes on all real property subject to taxation, and hence they have provided that whenever any action or proceeding shall be commenced to invalidate or cancel any deed or grant for taxes, it shall be the duty of the court to ascertain the true and correct amount of taxes due upon such property, and render judgment therefor. Comp. Laws, §§ 1640, 1643. The later section was amended in 1893, and its scope and objects greatly enlarged. Laws 1893, Chap. 160. We are of the opinion there is sufficient in the findings to authorize the court to determine the amount due for taxes upon the property in controversy, and it properly rendered its judgment therefor in favor of the defendant, by whom such taxes had been paid. It was not necessary for the court to set forth in detail the proceedings of the various officers charged with the duty of assessing and collecting taxes, but it was sufficient for it to find the property charged had been assessed, taxes levied thereon, and that the same

had not been paid. These facts are, in effect, fully found by the court, and we are of the opinion that the facts found clearly support the judgment entered. There being no error in the record, the judgment of the court below is affirmed.