B. E. INGWALDSON v. NILS OLSON and Others.

April 19, 1900.

Nos. 12,012—(102).

## Judgment against Those not Parties to Action—G. S. 1894, § 5436.

It is not permissible to bind new parties by a judgment previously entered against other defendants in a former proceeding, under G. S. 1894, § 5436, unless they were originally named as parties to the action in which the judgment was entered; such provision being applicable only to cases where parties jointly liable, and subsequently proceeded against, were named as defendants in the original suit.

## Same—Entry of Judgment by Clerk.

Neither can the clerk of the district court enter a judgment against parties sought to be held under such statute, upon default, or without authority expressly conferred by the district court.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., granting a motion to set aside a judgment against defendants Mary Olson and Mathea Olson. Affirmed.

*B. E. Ingwaldson* and *N. I. Johnson*, for appellant.

*Greeley E. Carr*, for respondents.

LOVELY, J.

This action was originally brought against Nils and Andrew Olson to recover for laborer's wages incurred by defendants. The summons was served, no answer was interposed, and a default judgment for the amount claimed was duly entered in favor of plaintiff, who afterwards discovered that the appellants, Mary and Mathea Olson, were jointly indebted with the judgment debtors for the labor services which constitute the claim against Nils and Andrew Olson above referred to. The plaintiff then attempted to secure the benefit of the statute (G. S. 1894, § 5436) which provides that

"When a judgment is recovered against one or more of several persons jointly indebted upon an obligation, by proceeding as provided by statute, those who were not originally summoned to answer the complaint may be summoned to show cause why they

should not be bound by the judgment, in the same manner as if they had been originally summoned."

To secure this purpose, plaintiff caused a second summons against the two new defendants to be served upon appellants. They also defaulted, and, upon an affidavit tending to show a joint liability of these latter with the original defendants, the district clerk, without authority from the court in which the suit was pending having been expressly given, entered judgment against such additional parties for the same amount as in the previous judgment. After the entry of the last judgment, Mary and Mathea Olson duly moved the court to vacate and set it aside, which motion, after hearing, was granted; and this order, upon plaintiff's appeal, is now before this court for review.

We think the order appealed from should be affirmed, for two reasons:

1. The provisions of G. S. 1894, § 5436, which is the only authority for the attempted effort in this case to bind new defendants by the previous judgment, undoubtedly refer to such proceedings under the statute (G. S. 1894, § 5207), where some, but not all, of the defendants named in the original action have been served, and likewise where, under the terms of that law, the judgment entered is "against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served." Johnson v. Lough, 22 Minn. 203. In this case Mary and Mathea Olson were not parties to the original suit, and section 5436, above referred to, does not, for that reason, authorize the court to bind them in the same manner as if they had been originally summoned.

2. It appears that these parties who were secondarily sought to be held in this case were never cited before the court on an order to show cause why the judgment as originally entered should not be made binding upon them, but, upon a summons issued by the plaintiff, the clerk of the district court entered the judgment as by default. Clearly, the judgment holding the respondents as original defendants could only, by the clear terms of the statute itself, be rendered upon a hearing and determination of the district

court, in which, upon evidence, and a proper consideration of the grounds therefor, it could be held, in a proper case, that the defendants not personally served in the original action should be bound by the judgment therein in the same manner as if they had been originally summoned.

Order affirmed.