# CASES ARGUED AND DETERMINED

IN THE

# SUPREME . COURT

OF THE

# State of South Dakota.

---

## BENNETT v. DARLING *et al.*

1. Under Comp. Laws, § 5449, providing that an action may be brought against any person claiming an interest in real estate adverse to plaintiff, a complaint in a suit to quiet title is sufficient to state a cause of action which alleges that plaintiff is the owner and in possession under a tax deed, and which sets out the proceedings culminating in the tax sale, and alleges that the defendants claim title though conveyances and mortgages from prior owners, but that plaintiff's title is superior thereto.

2. Where the objection in a suit to quiet title that the tax deed on which plaintiff relies is invalid on its face is presented by an objection to its introduction in evidence, it may be considered on appeal, though the appeal is from the judgment alone, and the evidence is not in the record.

3. Separate parcels of land sold for taxes to the same person may be included in the same deed, either at common law, or under Laws 1891, Chap. 14, § 110, expressly authorizing such practice.

4. The inclusion of several separate tracts of land sold for taxes to the same person in one deed does not raise a presumption that the land was sold in gross, instead of in separate parcels.

5. Where the complaint in an action to quiet title by a taxpayer alleges the proceedings leading to the tax sale, and the defendants deny all allegations concerning the assessment of taxes, on information and belief, the pleadings put the validity of the assessment in issue, and authorize a reference to determine the taxes properly chargeable against the land.

6. The defendants in a suit to quiet a tax title who are defeated cannot complain of the action of. the court in giving them an opportunity to secure the cancellation of the tax deed by paying the taxes, interest, and costs.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Hughes county. HON. LORING E. GAFFY, Judge.

Action by Cassius C. Bennett against Charles W. Darling and others to quiet a tax title. From a judgment in favor of plaintiff, certain defendants appeal. Affirmed.

The facts are stated in the opinion.

*J. E. Robinson,* for appellant.

All essential steps leading up to a valid tax must be alleged and proven by the party seeking to enforce the tax. Comp. Laws, Sec. 1643; O'Neil v. Tyler, 3 N. Dak. 47, 61; Swenson v. Greenland, 4 N. Dak. 532; Salmer v. Lathrop, 10 S. D. 216, 227.

The tax deed is void on its face, because it embraces several distinct lots, purporting to have been sold *en masse* for a gross consideration. Salmer v. Lathrop, 10 S. D. 216, 225. Such sales are clearly and unquestionably void. O'Neil v. Tyler, 3 N. D. 47, 52; Power v. Larabee, 2 N. D. 141, 148; First National Bank v. Roberts, 79, N. W. Rep. 1050; Black on Tax Titles, Sec. 123; Cooley on Taxation, (2nd. Ed.) 493, 494.

A tax deed loses its character as evidence when it is shown that in any essential particular the proceedings on which it depends were irregular. Lacy v. Davis, 4 Mich. 140-157; Case v. Dean, 16 Mich, 12, 34, 37; Ambers v. Rogers, 9 Mich. 332; Rayburn v. Kuhl, 10 Iowa 92; Cooper v. Shepardson, 51 Cal. 299; Bidleman v. Brook, 28 Cal. 75; Thompson v. Ware, 43 Iowa 453; Butler v. Delano, 42 Iowa 350; Williams v. Kirkland, 13 Wall. 306; French v. Edwards, 13 Wall. 514; Blackwell on Tax Titles, 83. Note D.; 2 Desty on Taxation, 961, 969; Johnson v. Elwood, 53 N. Y. 431; Grosbeck v. Sealy, 13 Mich. 414.

*Dillon & Sutherland,* for respondent.

Objection made at the trial that the pleading does not state facts sufficient, etc., is not favored, and the presumption in such a case is in favor of the pleading. Anderson v. Alseth, 6 S. D. 566; Johnson v. Burnside, 3 S. D. 230.

It was the duty of the court to determine the amount of taxes against the premises in question, whenever "any action or proceeding shall be commenced and maintained before any court * * * to recover the possession or title of any property, real or personal, sold for taxes, or to invalidate, or cancel any deed or grant thereof for taxes * * * the true and just amount of taxes due upon such property or by such person, must be rendered and given therefor against the taxpayer. Session Laws 1893, Ch. 160, Sec. 1; Clark v. Darlington, 11 S. D., 418, 78 N. W. 997; Salmer v. Lathrop *et al.* 10 S. D. 216; Charlton v. Kelly, 24 Colo. 173, 277.

When inadmissable evidence is received in an action tried before the court alone, it will be presumed on appeal that the court did not consider it in making his findings of fact." Syll. Bowman v. Sedgwick, Ia., 82 N. W. 491.

FULLER, P. J. That the amended complaint in this action to

quiet the title and determine adverse claims to numerous lots in the city of Pierre does not state facts sufficient to constitute a cause of action is the first point urged on appeal by the defendants Darling and Kilner from a judgment granting plaintiff the relief prayed for. This complaint in' which the separate and distinct lots are fully described, states that plaintiff is the owner thereof, and in possession under a tax deed duly executed according to the requirements of the statute; and all the essential preliminary steps pertaining to a valid assessment and alienation for delinquent taxes are expressly averred, and compliance therewith alleged. After setting forth the claims of the defendants, respectively, it is further stated "that each and all of said defendants claim some interest in said lots by reason of certain alleged conveyances to them by the original owners thereof, and by virtue of certain mortgages or liens of other kinds; that all such claims of said defendants, if any exist, are junior to that of the plaintiff; that plaintiff's title is prior and superior to any and all claims or rights of each and all of said defendants. Wherefore the plaintiff asks that the rights of this plaintiff and of each and all of said defendants be determined, and that the plaintiff have judgment against each and all of said defendants, and that the plaintiff's title be adjudged valid and superior to any and all claims or rights of each and all of said defendants, and that all of said records of mortgages, certificates of sale, and evidences of sales, and deeds under said sales, and all records concerning said sales and said liens, are clouds upon the title of the plaintiff, and should be removed and canceled of record, and for all other and further relief that may be proper and for costs. The ·complaint being amply sufficient to state a cause of action under Section 5449 of the Compiled Laws, the contention of counsel is not sustainable. Frum v. Weaver, 13 S. D. 457, 82 N. W. 579; Campbell v. Trust Co. (decided at this term) 14 S. D., 85 N. W. 1015.

In support of their second assignment of error, appellants contend that respondent's tax deed offered in evidence is void upon its face "for the reason that it shows that all the lands and lots described in the complaint and in said tax deed were sold in gross or in lump for the sum therein specified, and that the same were not sold in separate tracts or parcels." Although the appeal is from the judgment alone, and the findings of fact and conclusions of law are not in the abstract, the right to have the foregoing point considered, as an error of law occurring at the trial, is preserved by a proper objection and exception to the introduction of the deed in evidence. A careful examination of such instrument fails to disclose anything to indicate that the different lots therein described were sold together for a gross sum, instead of being sold in separate tracts or parcels, and the deed is not rendered void by the mere fact that the property described in the various certificates was included in such conveyance. In the absence of any authorizing statute, when separate parcels or tracts of land are sold to the same person there is no objection to uniting them in one tax deed, and such joinder raises no presumption that they were sold in gross. Towle v. Holt, 14 Neb. 221, 15 N. W. 203; Waddington v. Dickson (Colo. Sup.) 29 Pac. 177; Silliman v. Frye, 1 Gilman, 665; Black Tax Titles, 401.

As Section 110, Chap. 14, Laws 1891, expressly provides that "any number of parcels of land may be, if bought by one person, included in one deed or certificate," as may be desired by the purchaser, and a sale in bulk is not shown by evidence properly before us, there is not the slightest merit in the third assignment of error, in which it is stated that the deed is void because it appears therefrom that certain of the lots were sold to the same purchaser in bulk, for a specified sum.

The fourth and fifth assignments of error are as follows: "De-

fendants aver that the court erred in making an order referring this case to Clarence A. Bartlett to compute the amount of taxes chargeable against each tract of land, for the reason that the case had been finally submitted to the court, and for the reason that the pleadings do not put in issue any question pertaining to the validity or the amount of the taxes, and that under the pleadings in this case the only question before the court for determination was as to whether or not the tax deed mentioned in the complaint was valid. The court erred in ordering judgment for the payment of taxes as set forth in the judgment, for the reason that in this case there is no evidence whatever showing or tending to show that said property was legally assessed for taxation, or that any taxes were legally levied against it, and, on the contrary, the evidence submitted by defendants shows affirmatively that in the year 1890 no taxes were lawfully levied or charged against any of said property, and that in that year the tax levy was wholly void." Whether the order of reference, requiring Mr. Bartlett to ascertain, as a matter of fact, from the tax books in the treasurer's office, the actual amount of taxes assessed against the property in dispute for the year 1890, and the amount paid for subsequent years, was made after the evidence and argument was closed, does not affirmatively appear from the abstract, and the following objection fails to present the question for review: "Now come said defendants, and object to the order of reference herein, and object to the taking of any evidence or the computation of any taxes under said order, for reasons as follows: (1) That under the pleadings in this action and the proceedings herein the said order of reference should not have been made. The pleadings do not put in issue any question pertaining to the validity or the amount of the taxes, and no evidence has been offered or submitted to show the validity or the amount of the

taxes. The case involves only the validity of the tax deed mentioned in the complaint. (2) That the computation of taxes must be immaterial and useless, because that, under the pleadings and evidence herein, no valid judgment can be rendered for the recovery of any taxes." The answer of appellants, after expressly denying that respondent is the owner or in possession of the property, concludes as follows: "And, further answering the complaint, said defendants on information and belief deny each and every allegation thereof, concerning the assessment of said lands for taxes and the sale of the same for taxes, and aver that, in all matters pertaining to the alleged assessment for taxation and the sale of said lands for taxes, there was no compliance with any of the provisions of law. Wherefore the said defendants demand judgment that the tax deed mentioned in the complaint be canceled and annulled and declared and adjudged to be void, and that the plaintiff be barred from any title or interest in or to any of said lands, and that the title of the defendants be quieted and confirmed." Clearly, the objection that the pleadings do not put in issue any question pertaining to the validity or amount of taxes is not tenable. Section 1643 of the Compiled Laws, as amended by Chapter 160, Laws 1893, provides that "whenver any action  *  *  *  to recover the possession or title of any property, real or personal, sold for taxes, or to invalidate or cancel any deed or grant thereof for taxes,  *  *  *  the true and just amount of taxes due upon such property or by such person must be ascertained and judgment must be rendered and given therefor against the taxpayer, and the court may, if in its opinion the assessment or any subsequent proceeding has been rendered void or voidable by the omission or commissionof any act required or prohibited, order a reassessment of such property to be made by the proper officer, acting at the time of making of such order and the taking

by the proper officer then acting of all such steps subsequent to assessment as shall be necessary to amend such assessment and levy, to the end that the whole matter may be adjudicated in the one action or proceeding and the proper proportion or ratio of tax be paid by the property owner." That appellants, notwithstanding their failure to defeat the tax deed, were given an opportunity to secure the cancellation thereof upon payment of the lawful amount of taxes, interest and costs, is a matter of which they have no just cause for complaint. Clark v. Darlington, 11 S. D. 418, 78 N. W. 997; Campbell v. Trust Co., *supra.*

In the absence of anything before us to the contrary, it is presumed that each tax gathering officer performed his duty in the manner required by statute, and to state the evidence as to the respective acts culminating in the deed upon which respondent relies would be entirely useless. From a studious examination of every point specified in appellants' assignments of error, we reach the conclusion that they have failed to establish the invalidity of such deed, and the judgment appealed from is affirmed.