CORNELIUS (LYNCH, Intervener) v. FERGUSON *et al.*

1.  A finding that a tax deed is void on its face, where a copy of the deed is made a part of the finding, may be reviewed on appeal though there is no bill of exceptions, on motion for new trial.

2.  The material recitals in a tax deed were, "From which it appears that ———, on the 7th day of November, 1890, purchased at public auction ——— tracts, lots, and parcels of land in this indenture described, and which lots, parcels, and tracts of land were sold to the said ——— for the sum of fifty-nine and fifty-five one-hundredths dollars, being the amount due," etc. The court found that the deed on its face was void because it appeared on its face that all the property was sold in bulk, and also found that the property was sold in bulk. Held, that the findings were not inconsistent, as the copy of the deed might properly be held as showing the sale made in bulk.

3.  On the findings, a holding that the deed was void on its face was proper.

4.  The statute providing that one bidding in property at a tax sale shall be entitled to 30 per cent. interest per annum on the same does not apply where the sale is invalid, and taxes have been paid without a sale, but in such case only interest at the legal rate is allowed.

(Opinion filed July 2, 1902.)

16 S. D.—8

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Suit by Margaret E. Cornelius against Allie E. Ferguson and another to quiet title in certain real property. Elsie Lynch intervening. From a decree for intervener, defendants appeal. Affirmed.

*A. W. Wilmarth,* for appellants.

*W. A. Lynch,* for respondents.

CORSON, J. This was an action by Margaret E. Cornelius, as plaintiff, to quiet her title to certain lots in the city of Huron, and for a judgment awarding her possession of the same. During the pendency of the action, Elsie J. Lynch acquired the title to the lots, and filed a complaint in intervention; adopting the complaint of the plaintiff, Cornelius, as her complaint in the action. The defendants claimed title to the property under and by virtue of a certain tax deed issued to Allie E. Ferguson on the 11th day of April, 1894. Findings and judgment were in favor of the intervener, Elsie J. Lynch, and from this judgment the defendants appeal. No bill of exceptions was settled, and no motion for new trial made; hence the only question before us is, do the findings support the conclusions of law and the judgment?

In the court's third finding of fact it finds "that it appears from the face of the deed itself that all said property described therein was sold, at the tax sale in pursuance of which said tax deed was issued, in bulk, for one gross sum of $59.55," and it annexed a copy of the tax deed as a part of the said finding. The court also in its eighth finding of fact, finds "that the lots described in the complaint, together with other property, was

at the annual Beadle county tax sale on November 7th, 1890;
for the taxes for the year 1889, sold in bulk for the gross sum
of $59.55, as found in the third finding hereof, but that the
amount of tax due on each of said lots, including interest and
penalty on the day of the sale, was as follows:  *  *  *"
The court then proceeds to find the amount of taxes and penalty
upon each of said lots, making a total of $51.42, and con-
cludes, "And for which several amounts said lots should have
sold for if they had been sold separately."  And the court con-
cludes, as matter of law, that the said tax deed was void upon
its face.  It is contended, on the part of the appellants, that
the court erred in holding the tax deed void upon its face and
that, as said tax deed is made a part of the findings, that ques-
tion can be reviewed by this court notwithstanding the absence
of a bill of exceptions and the failure to make a motion for a
new trial in the court below.  It is insisted on the part of the
respondent that, if this court reviews the tax deed annexed
to and made a part of the third finding, it will be reviewing the
evidence, which this court cannot do unless there has been a
motion for a new trial.  But we are inclined to take the view
that, as a copy of the tax deed is made a part of the finding,
we may review it in considering the effect of the finding.

Independently of the facts found in the eighth finding, it
is not entirely clear that the deed is void on its face.  The
material recitals in the deed are as follows:  "From which it
appears that ———, on the 7th day of November, 1890, pur-
chased at public auction ——— tracts, lots, and parcels of land
in this indenture described, and which lots, parcels, and tracts
of land were sold to the said ——— for the sum of fifty-nine
and fifty-five one-hundredths dollars, being the amount due,"

etc. But the deed, when read in connection with the eighth finding of fact, is clearly shown to be void, as the court in the latter finding finds that the lots for the year 1889 were sold in bulk for the gross sum of $59.55. Reading therefore, the two findings together, the court was clearly right in its conclusions of law that the tax deed was void on its face. There is no inconsistency between the two findings, as the copy of the deed annexed to the third finding might very properly be held as showing that the sale of the lots was made in bulk, for a gross sum, even upon the face of the deed, without doing violence to its language. But, if there was any doubt upon this question, the construction to be given to the deed is made clear by the eighth finding and the two findings should be read together.

Our attention has been called to the case of Bennett v. Darling (15 S. D. 1) 86 N. W. 751, in which case it was held that the tax deed was not void upon its face. But in the deed in that case there was nothing indicating that the property described therein was sold in bulk for a gross sum. Neither the evidence nor the findings in that case were before us, and nothing in the deed itself indicated that the sales were not regularly made. There is nothing, therefore, in that decision, inconsistent with the view we take in this case. We are of the opinion, therefore, that the court committed no error, in the case at bar, in holding the tax deed void on its face. The court, in its first and second findings, finds that Margaret E. Cornelius was the owner of the property described in the complaint up to November 15, 1898, at which time she conveyed the same to the intervener, Elsie J. Lynch. The court, in its seventh finding, found that the defendants have paid taxes upon said property for the years 1891 to 1899, inclusive, and con-

cludes, as a matter of law, that the intervener, Elsie J. Lynch, is entitled to judgment for the possession of said premises, conditioned upon the payment by her of all taxes so paid by the defendants, with 7 per cent. interest thereon from the time of such payment, less the sum of $47; and the amount is specified in the judgment as $439.96, which amount was declared to be a lien upon said premises, and that the said Elsie J. Lynch recover possession of said premises, and that execution issue therefor. It is contended on the part of the appellants that the defendants were not only entitled to the amount of taxes paid by them, but for interest thereon at the rate of 30 per cent. for part of the taxes so paid, and 12 per cent. for the balance. But we are of the opinion that the court properly limited the interest to be recovered to 7 per cent. No rate of interest is fixed by the statute in this class of cases, and hence the legal rate is proper. Salmer v. Lathrop, 10 S. D. 227, 72 N. W. 570: Clark v. Darlington, 11 S. D. 418, 78 N. W. 997. It is true that the statute did provide that a party who bid in property at a tax sale should be entitled to 30 per cent. interest per annum upon the same. This, however, was upon the theory that the sale was legal, and that the party had a valid lien upon the property which might ripen into a valid tax deed. But, as we have seen, in this case no valid sale was made, and the taxes seem to have been paid without a sale This court held in Salmer v. Lathrop, supra, and in Clark v. Darlington, supra, that judgments fixing the rate of interest at 7 per cent. were valid and proper judgments.

Finding no error in the record, the judgment of the circuit court is affirmed.