## PETTIGREW *et al* v. MOODY COUNTY.

1. Under Comp. Laws 1887, § 1643, as amended by Laws 1893, c. 160, p. 273 (Rev. Pol. Code, § 2225), requiring the court in an action to restrain the collection of a tax, or to recover any taxes before paid, or to recover the title of any property sold for taxes, or to restrain payment of taxes, to render judgment for the amount of taxes due on the property, in an action against a county to invalidate tax proceedings for a particular year so far as they related to the land described in the complaint, the county is entitled to recover judgment for the just amount of the taxes on the land unpaid.

2. Plaintiff, in an action to invalidate the tax proceedings for a particular

year so far as they related to the land described in the complaint, need not tender to the county the amount of taxes justly recoverable.

(Opinion filed July 22, 1903.)

Appeal from circuit court, Moody county; Hon. JOSEPH W. JONES, Judge.

Action by Jennie S. Pettigrew and others against Moody county. From a judgment for plaintiffs, defendant appeals. Reversed.

*George Rice* and *J. Q. Adams,* for appellant.

*U. S. G. Cherry,* for respondents.

FULLER, J. Pursuant to statute, this action was to enforce plaintiff's equitable right to have certain voidable tax procedings for the year 1898 canceled and set aside so far as the same relate to the land described in the complaint. Although plaintiffs concede that the property was subject to taxation for that year, the actual amount collectible was not ascertained, and the trial court entered an unconditional decree nullifying all proceedings, and restraining the defendant county from ever asserting a lien thereunder. According to our view of the judgment appealed from, it is needless to discuss the unauthorized proceedings. which fully justify the finding that the assessment and all subsequent steps taken by the taxing officers are illegal and void.

The only essential question to be determined is whether the county was not entitled to recover judgment in the action for the just amount of taxes delinquent and unpaid. That respondents were ready to act in accordance with their conception of equity in the premises, and pursuant to statute, is apparent from the following paragraph of their complaint: "That prior

hereto the plaintiff tendered to the defendant all the sums of money justly due or owing for taxes, either for state, county, municipal, school or other purposes, against said lands and premises, and now brings the same into court and offers to pay the same." While the undisputed testimony shows that $300 was legally tendered in full settlement of the taxes for 1898, and $526 is claimed, nothing was done by the trial court to ascertain what sum was the true and correct amount.

Consonant with equitable doctrine that an applicant for relief in a case of this character must invariably pay the actual amount of taxes chargeable against his property, the legislature of this state has declared that: "Whenever any action or proceeding shall be commenced and maintained before any court to prevent or restrain the collection of any tax or part thereof, or any particular act of any officer in the collection thereof, or to recover any such tax before paid, or to recover the possession or title of any property real or personal, sold for taxes, or to invalidate or cancel any deed or grant thereof for taxes, or to restrain, prevent, recover or delay any payment of taxes, the true and just amount of taxes due upon such property or by such person must be ascertained and judgment must be rendered and given therefor against the taxpayer, and the court may, if in its opinion the assessment or any subsequent proceeding has been rendered void or voidable by the omission or commission of any act required or prohibited, order a reassessment of such property to be made by the proper officer, acting at the time of making of such order and the taking by the proper officers then acting of all such steps subsequent to assessment as shall be necessary to amend such assessment and levy, to the end that the whole matter may be

adjudicated in the one action or proceeding and the proper proportion or ratio of tax be paid by the property owner." Section 1643, Comp. Laws 1887, as amended by chapter 160, p. 273, Laws 1893, being section 2225 of the Revised Political Code.

In Clark v. Darlington, 11 S. D. 418, 78 N. W. 997, we say: "It has been the policy of the people of this state and of the former territory to require the payment of taxes on all real property subject to taxation, and hence they have provided that, whenever any action or proceeding shall be commenced to invalidate or cancel any deed or grant for taxes, it shall be the duty of the court to ascertain the true and correct amount of taxes due upon such property, and render judgment therefor."

It being made the duty of the court, both by statute and in equity, to ascertain and adjudge the correct amount of taxes to be paid by the owner, it is not even necessary to tender the amount justly recoverable. Campbell v. Equitable Loan and Trust Co., 14 S. D. 483, 85 N. W. 1015. In a North Dakota case of this character, where the person making the assessment was without even colorable authority to act, and all subsequent proceedings were fatally defective, it was held, in construing section 1643, supra, that relief can be granted only upon condition that plaintiff pay the just amount of taxes for which his property is liable, and that such a judgment in no manner depends upon a request therefor by either party, because the statute was enacted for the protection of the public revenue, and is mandatory in the requirement that "the true and just amount of taxes due upon such property or by such person must be ascertained, and judgment must be rendered and given therefor against the taxpayer."

The judgment appealed from, though proper in certain respects, is reversed for the reason specified, and the case is remanded with the direction that the court ascertain the true and just amount of taxes due appellant for the year 1898, and accordingly render a judgment which shall be equitable to both parties and a paramount lien upon the property until the same is fully satisfied.