## McKinney v. Minnehaha County *et al.*

1. Rev. Pol. Code § 2214, requires that, when the validity of a tax deed arises in an action, the suit shall not proceed in favor of the party assailing the deed, unless he shall deposit in court an amount sufficient to redeem from the tax sale, together with costs, etc. Held, that the section did not apply to a suit to set aside a tax deed which the plaintiff conceded on the record and the defendant's answer showed to have been merged in the fee title.

2. Where a tax deed is set aside for defects not affecting the validity of the tax, a judgment decreeing that the party attacking the deed shall reimburse the purchaser, whose claim shall be a lien on the property, rendering it subject to sale on execution, is within the equitable powers of the court.

(Opinion filed Nov. 11, 1903.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action by D. L. McKinney against Minnehaha county and another. From a judgment for plaintiff, defendants appeal. Affirmed.

*W. D. Scott* and *Joe Kirby*, for appellants.
*Boyce & Warren*, for respondent.

Fuller, J.   Relying upon a treasurers deed based upon a tax sale for the year 1891 and the subsequent payment of taxes for the years 1892 and 1893, plaintiff brought this action to determine conflicting claims to the premises described in the complaint.   While it is alleged by plaintiff that defendants' claim rests upon two tax deeds issued on January 13, 1900, for taxes never assessed, and that all proceedings of the taxing officers with reference thereto are absolutely void, it was established by competent proof that their interest, if any was thus acquired, had been merged in the fee title to the premises purchased by the defendant Joe Kirby from the owner thereof, and by warranty deed conveyed to his codefendant, Minnehaha county.   In support of the issues raised by an amended answer, alleging, among other things, fee-simple ownership in the defendant county, certain irregularities in the tax proceedings upon which plaintiff relied were shown by competent proof, and his tax deed, though fair upon its face, was rightly adjudged to be of no validity.   Finding from the evidence that the irregularities of which the defendants complained in no manner affected the validity of the tax, the non-payment of which culminated in plaintiff's deed, the trial court ascertained the just and equitable amount for which the premises were liable for the years 1891, 1892, and 1893, together with interest, penalty and costs, and adjudged the same to be a paramount lien upon the property, rendering the same subject to sale on execution for the nonpayment thereof.   When plaintiff offered his tax deed in evidence, the objection was first made that facts

sufficient to constitute a cause of action are not stated in the complaint, and to reverse the action of the trial court in overruling such objection it is now urged that no tender of the amount necessary to redeem from the tax sales at which the defendants purchased is alleged.

The eighth paragraph of the complaint is as follows: "That this plaintiff is ready and willing to pay, and now offers to bring into court, whatever sum of money, if any, this court may find to be due upon said premises for taxes for the years 1894 and 1895, ready to be paid to such of the defendants as should be entitled thereto, in the event that the court shall determine that any thing is due upon said premises for the taxes of said years, or either thereof." By section 2214 of the Revised Political Code it is provided that: "Whenever in any action at law or in equity, the validity of any tax sale certificate, or tax deed, arises upon the pleadings, or otherwise, *   *   * such action shall not proceed in favor of the party assailing such certificate or deed, unless he shall within such time as the court shall deem reasonable, deposit in court for the benefit of the party claiming thereunder an amount equal to the sum required by law to redeem from the tax sale or sales involved together with the costs and disbursements of the action then incurred by the party claiming under such certificate or deed." It being tacitly admitted by plaintiff upon record that the defendant's interest is derived through mesne conveyances from the former owner, and shown, as alleged in the amended answer, that the defendant county is now the fee-simple owner of the premises, the relation of the defendants to the action, as presented by the pleadings and tried, was that of owners seeking to set aside the tax deed of plaint-

iff, and the fact that the cause proceeded in their favor without the deposit required by statute furnishes no just ground for complaint.

The requirement that the defendants answer for their delinquency by paying the just amount collectible as consideration for the avoidance of plaintiff's tax deed and the judgment directing the sale of the premises in satisfaction thereof is clearly within the equitable powers of the court. Pettigrew. v. Moody county, 17 S. D. 275, 96 N. W. 94.

Having thus determined the only essential question presented, it is needless to discuss immaterial assignments of error.

The judgment appealed from is affimed.