CORNELIUS *et al.* v. FERGUSON *et al.*

1. A recital in a finding ''that it appears from the face of the deed itself that all said property therein was sold * * * in bulk for one gross sum'' is a conclusion of law, and not a finding of fact conclusive on appeal.

2. The fact that the price of certain lots and other property described in a tax deed only aggregated $59.55 sustains an inference that the lots alone sold for less than that amount, and the presumption prevails that each parcel, tract, or lot sold for the exact amount due thereon.

3. Although a tax deed includes property described in different certificates of sale presented to a treasurer by the assignee of the person to whom they were issued, it is presumed that in the discharge of his duty the treasurer sold the different parcels or tracts separately. CORSON, J., dissenting.

(Opinion filed December 2, 1903)

On rehearing.    Former decision, 16 S. D. 113, disaffirmed and judgment reversed.

FULLER, J.    Whether the findings of fact support the conclusions of law and the judgment quieting in the intevenor the title to certain lots in the city of Huron, is the only question presented by this appeal now before us on rehearing.    In Cornelius v. Ferguson, 16 S. D. 113, 91 N. W. 460, we considered a certain tax deed, upon which appellants wholly rely, to be a part of one of the findings, and by construing the same with another finding of fact, the deed was held void upon its face, as adjudged by the trial court.    These findings of fact, so far as material to questions relating to the tax deed, are as follows: "Third.    That on the 1st day of July, 1894, the treasurer of Beadle county executed to the defendant, Allie E. Ferguson, a tax deed for the aforesaid described premises and other real estate, and that it appears from the face of the deed itself that all said property described therein was sold at the tax sale in pursuance of which said tax deed was issued, in bulk, for one gross sum of $59.55, a copy of which deed is hereto attached, marked 'A' and made a part hereof." "Eighth.    That the lots described in the complaint, together with other property, were, at

the annual Beadle county tax sale, on Nov. 7, 1890, for taxes of
the year 1889, sold in bulk, for the gross sum of $59.55, as
found in the third finding hereof. * * *" "Tenth. That
said lots were subject to assessment and taxation for the years
1889 to 1898, both inclusive, and were regularly and duly
assessed for taxes during all of said years." While admitting
the execution of the tax deed set out in the answer, and thus
made a part of the judgment roll, independently of the findings
of fact, respondents allege in their reply that such deed shows
that the property was sold in bulk for one gross sum, and is
therefore void upon its face. Whenever the validity of any
written instrument is at issue, and a conclusion of law concern-
ing it is essential to a determination of the case, there can be
no objection to incorporating the same, or at least the assailed
portions thereof, into the findings of fact; and such is the
common practice. Without further discussion, we therefore
adhere to our former conclusion that the deed is clearly before
us for consideration. Independently of an unwarranted deduc-
tion that it appears from the face of the deed that the prop-
erty in dispute was unlawfully sold in bulk for a gross sum in
excess of the legal amount collectible, there is nothing to sup-
port the conclusion that the deed is void upon its face. The
recital in the third finding "that it appears from the face of
the deed itself that all said property described therein was
sold * * * in bulk for one gross sum of $59.55" is a conclu-
sion of law not justified by the deed made a part of such find-
ing; and the eighth finding, containing the expression "sold
in bulk for the gross sum of $59.55, as found in the third find-
ing hereof," relates to the deed exclusively, and has no foun-
dation in fact,

It being affirmatively shown by the findings of fact that the recitals of the deed constitute all the evidence considered by the trial court relative to the manner of conducting the tax sale, we will examine the instrument in that regard, and determine whether the facts thus disclosed justify the conclusion of law "that said tax deed is void on its face." The fact that the purchase price of the lots in controversy, together with certain outside property described in the deed, only aggregates $59.55, sustains the inference that the lots alone sold for less than that amount, and the presumption prevails that each parcel, tract, or lot sold for the exact amount due thereon. The only basis for the conclusion that the several lots and outside property conveyed were sold together for a gross sum is the mere fact that all the property described in the different certificates of sale presented to the treasurer by the assignee of the person to whom they were issued was included in the same tax deed. In Bennett v. Darling, 15 S. D. 1, 86 N. W. 751, we sustained a tax deed the same as this in every essential particular, and sanctioned the practice of uniting in one deed different parcels of land sold to the same person for delinquent taxes. Section 2200, Pol. Code 1903. In the discharge of his official duty the presumption is that the treasurer sold the different parcels or tracts separately, and there is nothing in the record to sustain the conclusion of law that the deed is void upon its face.

No question being raised as to the validity of prior proceedings, including the assessment and sale for unpaid taxes, and the objections urged to the form of the deed being wholly without merit, we are not called upon to invoke the curative properties of the statute of limitations, nor determine the ef-

fect of irregularities upon a deed that has been recorded for more than three years. It is clear from the record presented that appellants' tax deed, to which no valid objection has been suggested, was recorded more than three years before the commencement of this action, and a complete defense thereto has been established.

Disaffirming our former decision, the judgment appealed from is reversed, and the case remanded for further proceedings consistent herewith.

CORSON, J., (dissenting.)  I adhere to the former decision of the court in this case, for the reason that, in my judgment, the eighth finding of fact made by the trial court is conclusive upon this court in the absence of the evidence.  I cannot agree with the majority of the court that this finding merely states a conclusion of law.  It seems to me to be a finding of fact based upon the tax records, as is clearly shown by the subsequent portion of the finding not contained in the former opinion of this court.  In the later part of the finding the trial court sets out in detail the tax due on each lot, interest, penalty, and the total amount, aggregating $51.42, and concludes, "And for which several amounts said lots should have been sold for if they had been sold separately."  It will thus be seen that the court finds the true amount due upon these lots, and for which the lots should have been sold, and finds that the lots described in the complaint, with other property, were "sold in bulk for the gross sum of $59.55." If I am correct in this view of the effect of the eighth finding, then, in my judgment, the decision of the trial court is right, and should be affirmed.