## EASTON V. CRANMER.

1. In a suit to quiet title, plaintiff claiming under a tax deed, the tax deed itself was the best evidence of the facts recited therein.

2. In a suit by the holder of a tax deed to quiet title to land, it appearing that the deed was void; and, it being undisputed that the property was duly assessed and legally taxable for the exact amount imposed as a tax by the proper officers and paid by plaintiff, plaintiff was entitled, without further showing, to recover the sum paid.

3. Where a party's objection to certain evidence was well taken, but the facts showing the opposite party entitled to recover were established without such evidence, and the case tried by the court, it would be presumed that the trial court disregarded the incompetent evidence.

4. Rev. Pol. Code, § 1568, makes it unlawful for any one to move any building off any lot in an incorporated city or town, on which taxes have been levied, until they have been fully paid, and provides that, in case such building is removed without payment of the taxes, they shall be a lien on the building; and by section 1659 a violation of the preceding section is made a misdemeanor. By section 2190, taxes on real property are made a perpetual lien thereon; and by section 2199 the purchaser of land at a tax sale acquires the lien of the tax. Held, that where the owner of land which had been sold for taxes removed a building from the land prior to the commencement of an action by the holder of the tax deed to quiet title, and it appeared that the tax deed was void, a judgment for the sale of the building and application of the proceeds to the taxes paid by plaintiff was proper.

5. Where, in a suit by the holder of a void tax deed to quiet title, judgment was rendered for the sale of the land, and of the building removed therefrom by the owner, and application of the proceeds to the taxes paid by plaintiff, and defendant appealed from the judgment, and subsequently appealed from an order confirming the sale, the fact that the records and files essential to a consideration of the appeal from the order of confirmation were printed in the abstract, and submitted to the Supreme Court, and argued with the case on appeal from the judgment, the order and original papers, not being made a part of the bill of exceptions, was no ground for dismissing such appeal.

6. Where, in a suit by the holder of a void tax deed to quiet title, judgment was rendered for a sale of a building which had been removed from the land by the owner, and application of the proceeds to the taxes paid, an order confirming the sale of the building was erroneous, in so far as it characterized the building as an "article of personal property"; it apparently depriving the owner of redemption within a year.

(Opinion filed March 22, 1905.)

Appeal from circuit court, Brown county; Hon. J. H. Mc-Coy, Judge.

Suit by C. F. Easton against Emma A. Cranmer. From a judgment in favor of defendant, granting insufficient relief, she appeals. Affirmed.

*S. H. Cranmer*, for appellant.

The tax deed on its face recites a sale of the real estate at public auction. This renders the deed void. Reckitt v. Knight, 92 N. W. 1077; Thompson v. Roberts, 92 N. W. 1079.

A void tax deed can have no evidential force whatever, and defendant's motion to strike it out should have been granted. O'Neill v. Tyler, 53 N. W. 434.

Evidence of the payment of money into the county treasurer's office cannot have any force whatever. No one can thus acquire a lien on real estate. A valid assessment is necessary to a valid tax. Powers v. Larabee, 49 N. W. 724; Sheets v. Paine, 86 N. W. 117; Power v. Kitching, 86 N. W. 737.

19 S. D.—15

*Taubman & Williamson,* for respondent.

Where the question of the sufficiency of the evidence to sustain the findings has not been presented to the trial court on an application for a new trial the same will not be considered. Pierce v. Manning, 2 S. D. 517; N. W. Elevator Co. v. Lee, 13 S. D. 451; Hawkins v. Hubbard, 2 S. D. 631; Adams & W. Co. v. Deyette, 5 S. D. 423; Gade v. Collins, 8. S. D. 323.

The purchaser at tax sale acquires the lien of the county. Section 2199 Revised Political Code.

The assignee of the county acquires the lien of the county. Section 2206 Revised Political Code.

The trial court in rendering judgment setting aside a deed must render judgment against the property for the amount of the taxes paid by the tax deed holder. Sections 2214 and 2225 Revised Political Code; Clark v. Darlington, 11 S. D. 418; Campbell v. Equitable Loan & T. Co., 14 S. D. 483; Pettigrew v. Moody Co., 17 S. D. 275, 96 N. W. 94; McKinney v. Minnehaha Co., 17 S. D. 407, 97 N. W. 15.

FULLER, J. At the trial of this action to quiet the title to certain improved real property in the city of Aberdeen, the tax deed upon which plaintiff relied was found to be void upon its face, and the defendant was adjudged to be the owner of the premises, subject to plaintiff's lien for the just amount of taxes paid, which sum, with legal interest, was ascertained to be $556. From this portion of the judgment thus favorable to plaintiff the defendant has appealed, and, for a reversal, contends that the tax deed and certain tax receipts and certificates of tax sale were erroneously admitted in evidence over proper objections. The tax deed, being the best evidence of its re-

citals, was properly admitted, and vitally essential to appellant as primary proof of her allegation that such instrument is void on its face.   For convenience, and subject to the objection insisted upon throughout the trial, to the effect that the receipts, certificates, and tax deed are incompetent, irrelevant, immaterial, and no proper foundation laid for their admission, the following stipulation was made upon the record at the conclusion of appellant's testimony:   "It is admitted on the part of the defendants that the records and books in the county treasurer's office show that the county treasurer of the county of Brown, South Dakota, has received from C. F. Easton, the plaintiff, the divers and sundry sums of money indicated by the different exhibits introduced, including the amount indicated in the deed, at or about the dates shown in said exhibits and deed, and that the duplicate receipts in the treasurs's office show the same date, number, and amount, and show that the same were paid by C. F. Easton."

It being undisputed that the property was duly assessed and legally taxable for the exact amount imposed by proper officials and paid by respondent, the foregoing admission as to what the records in the county treasurer's office contain renders further testimony unnecessary, and respondent's right to recover such amount is amply sustained by the decisions of this court.   Clark v. Darlington, 11 S. D. 418, 78 N. W. 997; Campbell v. Equitable Loan & Trust Co. of Volga, 14 S. D. 483, 85 N. W. 1051; Bennett v. Darling et al., 15 S. D. 1, 86 N. W. 751; Pettigrew et al. v. Moody County, 17 S. D. 275, 96 N. W. 94.   In view of the foregoing and other uncontroverted facts and circumstances by which the unassailed findings below are justified, we assume, without deciding, that appellant's

objection to the introduction of the tax receipts and certificates of sale was well taken, but the presumption that the trial court disregarded the same must be entertained.   Yankton Building & Loan Association v. Dowling et al., 10 S. D. 540, 74 N. W. 436; Fowler et al. v. Iowa Land Co., Limited, et al., 18 S. D. 131, 99 N. W. 1095.

During all the years for which respondent paid the taxes and claimed ownership under his void tax deed there was a two-story frame dwelling house situated on the lot described in that instrument, which appellant wrongfully removed to an adjacent lot just prior to the commencement of this action; and the amount of such taxes, together with interest, was adjudged to be a lien upon the house as well as on the lot, and the concluding paragraph of the judgment is as follows:

"It is further adjudged, ordered, and decreed that upon the failure of the said Emma A. Cranmer to pay to the said C. F. Easton, or his attorney, the said sum of five hundred and fifty-six dollars ($556) so as aforesaid found to be due, within thirty days from the time of the service of this decree, then in that case the plaintiff may have execution, and sell said lot seven (7) in block fifteen (15) of the original plat of the city of Aberdeen, together with the frame dwelling house now situated on lot eight (8) in block fifteen (15), of the original plat of the city of Aberdeen, to the highest bidder, for cash, and apply the proceeds, so far as the same may be applicable, to the payment of the said sum of five hundred and fifty-six dollars ($556), together with interest thereon at twelve (12) per cent. per annum until the same is paid, and for all accruing costs after the filing of this judgment, and that the purchaser have the right to remove said dwelling house from said lot eight (8) in block

fifteen (15) of the original plat of Aberdeen; and it is further ordered, adjudged, and decreed that, in case said property sells for more than sufficient to pay the said sum of five hundred fifty-six dollars ($556) and accruing costs, then and in that case the surplus be deposited with the clerk of the circuit court in and for the county of Brown, South Dakota, for the use and benefit of the said Emma Cranmer, defendant herein."

Respondent having purchased certain tax certificates from the county, and paid all subsequent taxes legally imposed, acquired the lien of the county upon the lot and the buildings situated thereon which lien was in no manner impaired by the removal of the building in violation of a statute declaring the perpetrator of such an act to be guilty of a misdemeanor (Rev. Pol. Code, §§ 1568, 1569, 2190, 2199). The relief granted is clearly within the foregoing statutory provisions, and the judgment appealed from is in full accord with the uniform decisions of this court.

On the 9th day of April, 1904, which was the day following the taking and perfecting of this appeal, the house and lot were, upon due notice, sold separately at public auction, by virtue of an execution predicated upon the judgment before us; and on the 17th day of June following an appeal was taken from an order of confirmation made and entered on the 18th day of April, 1904, in which it is recited that the building in controversy had been sold "as an article of personal property," thus apparently depriving appellant of the right to redeem at any time within one year from the date of such sale. The record does not sustain respondent's contention that the appeal from this order of confirmation must be dismissed on the ground that the same was not perfected in the manner pro-

vided by statute, and it is unneccessary to make such order, and the original papers connected therewith and transmitted to this court, a part of the bill of exceptions. Bedtkey v. Bedtkey, 15 S. D. 310, 89 N. W. 479. Although the practice is unusual and not to be encouraged, a sufficient ground for dismissing the appeal from the order confirming the sale is not, under the circumstances, furnished by the fact that the records and files essential to a proper consideration thereof were printed in the abstract submitted to this court, and argued with the case on appeal from the judgment. In contemplation of the statute relating to taxation, the character of a building attached to a city lot is not changed by its unlawful severance, and the right to subject the same to the payment of real estate taxes, the amount of which was fixed with reference to such improvement, may not thus be defeated. However, as personal property cannot be sold for delinquent taxes on land, the Legislature has continued the lien, and justified the sale of a removed building in satisfaction of such taxes, upon the theory that it is still a part of the premises. The loss of the right of redemption being the only prejudice apparent, the order confirming the sale is modified by eliminating the recital which characterizes the building as "an article of personal property," and with reference thereto the rights of a redemptioner from the sale of real estate is adjudged to be hers.

For reasons heretofore stated, appellant's title is subject to respondent's lien for taxes, as found by the trial court, and the judgment from which she appealed is in all respects affirmed. In view of the modification above indicated, no costs or disbursements will be taxed, except clerk's fees in favor of appellant.