SALMER v. BOARD OF COM'RS OF CLAY COUNTY et al.

Under Rev. Pol. Code, § 2225, providing that, whenever any proceedings shall be commenced to restrain the collection of a tax, the correct amount of taxes due upon the property must be ascertained and judgment given therefor against the taxpayer, and the court may, if in its opinion the assessment is void or voidable, order a reassessment of the property to be made, the court, on annulling on certiorari an assessment laid by the county board of equalization for irregularity in the proceedings of the board, should either render judgment for the just amount of taxes due or order a reassessment of the property.

(Opinion filed, December 30, 1905.)

Appeal from Circuit Court, Clay County. Hon. E. G. SMITH, Judge.

Certiorari by O. T. Salmer against the board of Commissioners of Clay county and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

E. B. Healy, State's Atty., H. G. Tilton, and C. H. Dillon, for appellants. Thomas Sterling and Gunderson & Gunderson, for respondent.

FULLER, P. J.   This appeal is from a judgment rendered for plaintiff in a certiorari proceeding instituted to annul the assessment and avoid all payment of taxes laid by defendants, a county board of equalization, upon his moneys and credits, for the year

1904, no part of which had been subjected to taxation for that year. The facts are disputed, and, so far as essential to any question of law presented, may be stated thus: At the proper time the assessor for the city of Vermilion, of which plaintiff was a resident, assessed his personal property at $50, but wholly neglected to assess his taxable moneys and credits, all of which were omitted from the assessment roll, and the same was not placed thereon nor in any manner considered by the city board of equalization. After the city auditor had made his return to the county auditor, and at a meeting of the county board of equalization held on the 5th day of July, 1904, it issued its order, which was duly served upon plaintiff, requiring him at a specified time and place to appear and show cause before such board and county auditor why his moneys and credits should not be assessed and listed for taxation. Pursuant to this order to show cause, and at a regularly adjourned meeting of the county board of equalization, plaintiff was assessed in the sum of $1,660 for moneys and credits so omitted from the assessment roll, and shortly thereafter the county auditor discovered and placed thereon an additional $750 in moneys and credits, which plaintiff had failed to return, and the entire amount, aggregating $2,400, was made to bear a just and equal proportion of taxation.

Without the expression of a doubt that plaintiff was the owner of $2,400 in moneys and credits taxable in the city of Vermilion for the year 1904, his counsel zealously urge that the county board of equalization was powerless to make an original assessment, and the trial court was justified in refusing to order a reassessment or grant defendants' demand for judgment for taxes in such a sum as might be found justly due upon the property. As our view of the second point above mentioned renders investigation of the first proposition unnecessary, it may be admitted, without deciding, that all the county board of equalization did in the premises was absolutely null and void, for the reason, as claimed by counsel for plaintiff, that the city board of equalization had exclusive power to "place upon and add to the assessment roll any property, real or personal subject to taxation, which has been omitted therefrom by the owner or by the assessor, and enter the same at a valuation so that it will bear an equal and just proportion of taxation." Rev. Pol. Code, § 1263.

So far as material to this case, section 2225 of the Revised Political Code is as follows: "Whenever any action or proceeding shall be commenced and maintained before any court to prevent or restrain the collection of any tax or part thereof, or any particular act of any officer in the collection thereof, * * * or to restrain, prevent, recover or delay any payment of taxes, the true and just amount of taxes due upon such property or by such person must be ascertained and judgment must be rendered and given therefor against the taxpayer, and the court may, if in its opinion the assessment or any subsequent proceeding has been rendered void or voidable by the omission or commission of any act required or prohibited, order a reassessment of such property to be made by the proper officer acting at the time of making such order and the taking by the proper officers then acting of all such steps subsequent to assessment as shall be necessary to amend such assessment and levy, to the end that the whole matter might be adjudicated in the one action or proceeding and the proper proportion or ratio of tax be paid by the property owner." "That said assessment may be declared void and set aside, and the record thereof canceled," is the avowed and only purpose of this certiorari proceeding to bring the record of the city and county boards of equalization before the circuit court for review, and if, in the opinion of such court, the assessment be rendered void, either by the alleged prohibited proceeding on the part of the county board of equalization or the omission of the city board of equalization to perform the required acts essential to a valid assessment, judgment for the just amount should be rendered, or a reassessment of such property ordered, as required by statute, "to the end that the whole matter may be adjudicated in one action or proceeding, and the proper proportion or ratio of tax be paid by the property owner." Pettigrew et al. v. Moody County, 17 S. D. 275, 96 N. W. 94; Campbell v. Equitable Loan & Trust Co., 14 S. D. 483, 85 N. W. 1015; Clark v. Darlington, 11 S. D. 418, 78 N. W. 997.

Assuming, without conceding, the soundness of the sole contention of counsel for respondent, that defendant acted without jurisdiction because exclusive power to place omitted property on the assessment roll is given to the city board of equalization, it must of necessity follow that the assessment was rendered void by the

omission of such board to perform a duty required by statute, and the unauthorized acts of the county board of equalization stand for naught, while the necessity for ordering a reassessmtnt of the property, or the rendition of a judgment for the true and just amount of taxes due thereon, remains unimpaired. Mindful that certiorari is the usual and perhaps most appropriate remedy to review void acts of boards of equalization, the Legislature evidently intended to extend its statutory proceeding under such writ to the judicial ascertainment of the just amount due from the taxpayer, the payment of which he would otherwise escape, and there is no merit in the claim that the court can go no further than to determine whether such boards have regularly pursued their authority.

A reversal must follow for the reasons herein expressed, and the case is remanded to the circuit court, with the direction that plaintiff's moneys and credits be lawfully subjected to taxation for the year 1904.